**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36 WELFARE FUND; TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATIONWORKERS ("SMART") LOCAL UNION NO. 36 PENSION FUND; TRUSTEES OF THE SHEET METAL LOCAL 36 VACATION FUND; TRUSTEES OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORATION WORKERS ("SMART") LOCALNO. 36 401(k) PLAN; AND INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS ("SMART") LOCAL UNION NO. 36;        Plaintiffs, vs. SYSTEMS TESTING & ANALYSIS, INC.        Defendant. Serve: M. Richard Miller, Registered Agent 11730 Old Ballas Road St. Louis, MO 63141 | Case No.: 4:20-cv-677 |

**COMPLAINT**

**COME NOW** Plaintiffs, by and through their attorneys, and for their cause of action state as follows:

1

**Jurisdiction**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended, 29 U.S.C. § 185, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

**Parties**

2. The International Association of Sheet Metal, Air, Rail, and Transportation Workers ("SMART") Local Union No. 36 Welfare Fund (herein "Welfare Fund") is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103.  Plaintiffs Ray Reasons, Jeremy Snyder, Thomas Leonard, Michael C. Corrigan, William A. Meeh, and George L. Welsch are the Trustees of the Welfare Fund and control and manage the operation and administration of the Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

3. The Board of Trustees of the International Association of Sheet Metal, Air, Rail, and Transportation Workers ("SMART") Local Union No. 36 Pension Fund (herein "Pension Fund") is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103. Plaintiffs Ray Reasons, Jeremy Snyder, Thomas Leonard, Michael C. Corrigan, William A. Meeh, and George L. Welsch are the Trustees of the Pension Fund and control and manage the operation and administration of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

4. The Sheet Metal Local 36 Vacation Fund (herein "Vacation Fund") is a covered "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103. Plaintiffs Ray Reasons, Jeremy Snyder, Thomas Leonard, Neal Krodinger, and Kevin Suiter are the Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

5. The International Association of Sheet Metal, Air, Rail, and Transportation ("SMART") Local Union No 36 401(k) Plan (herein "401(k) Plan") is a covered "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), with its administrative office located at 2319 Chouteau, St. Louis, Missouri 63103. Plaintiffs, Ray Reasons, Jeremy Snyder, Thomas Leonard, Neal Krodinger, Kevin Suiter, and William A. Meeh are the Trustees of the 401(k) Plan and control and manage the operation and administration of the 401(k) Plan. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

6. Plaintiff International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") Local Union No. 36, (herein "SMART Local 36") is a voluntary unincorporated association with its principal office in the City of St. Louis, Missouri. SMART Local 36 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes. It is a labor organization in an industry affecting commerce within the meaning of the LMRA.

7. Defendant Systems Testing & Analysis, Inc. (herein the "Defendant" or "Systems Testing"), is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business at 11730 Old Ballas Road, St. Louis, MO 63141

8. Defendant is engaged in the sheet metal industry and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## Venue

9. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that an action brought by trust fund fiduciaries may be brought in a district where the breach took place, where a defendant resides or may be found, or where the plan is administered.

10. Venue is also proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this district.

## Facts

11. At all relevant times, Defendant has been bound by the Collective Bargaining Agreement between the St. Louis Chapter, Sheet Metal and Air Conditioning Contractors National Association ("SMACNA") and SMART Local 36 ("Labor Agreement"), and bound by all applicable Agreements and Declarations of Trust of the Funds, which are a part of the Labor Agreement as if set forth therein.

12. At all times material herein, Defendant has been obligated by the provisions of the Labor Agreement, including all applicable Agreements and Declarations of Trust incorporated therein, to file monthly remittance reports, showing the names, hours, and wages of employees and covered individuals, and pay monthly employee benefit contributions to the Funds at the rates set forth in the Labor Agreement for the benefit of eligible bargaining unit employees and/or covered

individuals.  Reports and contributions are due on the 20th of the succeeding month, except for contributions to the 401(k) Plan, which are due on the 15th of the succeeding month.

13. In addition to contributions due the Plaintiff Funds, Defendant is also obligated, pursuant to the Labor Agreement, to make voluntary employee 401(k) salary deferral payments on behalf of those employees who made an election for wage deferrals.

14. At all times material herein, Defendant has employed bargaining unit employees and/or covered individuals on whose behalf it has been required to pay contributions.

15. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and/or Article VIII of the Labor Agreement, and the Agreements and Declaration of Trusts incorporated therein, Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest or double interest on late paid and unpaid contributions.

16. Unless stated otherwise in this Complaint, the Funds have duly established liquidated damages and interest to be applied to any contribution that is not paid when due as follows: the liquidated damage amount is $100 and interest is 1½ percent for each month, or part of a month, that the contribution is unpaid.  In addition, lost earnings on 401(k) Plan wage deferrals are to be calculated in accordance with the Department of Labor's formula established in its VCR website calculator.  When lost earnings are collected, employees' individual accounts will be credited with lost earnings.

17. Under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) and Article VIII of the Labor Agreement, and the Agreements and Declaration of Trusts incorporated therein, Plaintiffs have the right to audit Defendant's books and records for the period from January 1, 2015 through December 31, 2019 to verify the contribution reports and to determine the exact amount of

5

contributions and working dues owed under the Labor Agreement for the period from January 1, 2015 through December 31, 2019.

18. The Funds have sought to audit Defendant's payroll records for the period from January 1, 2015 through December 31, 2019. Defendant has refused to supply the documents required to perform the audit or to otherwise cooperate in completing the audit.

19. Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Agreements and Declarations of Trust incorporated into the Labor Agreement, Defendant is obligated to pay attorney's fees and costs incurred by Plaintiff Funds in collecting unpaid contributions, including fees and costs incurred for an audit.

**WHEREFORE**, Plaintiffs pray for an order and judgment against Defendant:

A. For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Funds for the period from January 1, 2015 through December 31, 2019,

B. For payment of any unreported and underpaid contributions due to the Funds for the period from January 1, 2015 through December 31, 2019 discovered by the audit,

C. For payment of interest and liquidated damages and lost earnings owed on any unpaid and delinquent contributions to the Fund for the period from January 1, 2015 through December 31, 2019 discovered by the audit,

D. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter,

E. For such other relief as this Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

                    */s/Amanda K. Hansen*
                    Amanda K. Hansen (64889MO)
Matthew B. Leppert (52815MO)
1221 Locust Street, Second Floor
St. Louis, MO 63103-2364
(314) 621-2626
FAX: 314-621-2378
akh@schuchatcw.com
mbl@schuchatcw.com

815558.docx